**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                  Case No. 97-CR-81493-BC

ALAN MIKELL and CHRISTOPHER GRISEL,

    Defendants.
                                               /

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION TO RECONSIDER SENTENCE IN LIGHT OF *CUNNINGHAM V. CALIFORNIA*"**

Pending before the court is Defendant Christopher Grisel's "Motion to Reconsider Sentence in Light of *Cunningham v. California*," filed on January 31, 2007. The matter has been fully briefed, and the court concludes a hearing is unnecessary. For the reasons stated below, the court will deny the motion.

**I. INTRODUCTION**

On May 25, 1999, Defendants Alan Mikell and Christopher Grisel were found guilty of some, but not all, of the charges listed in a 52 count Second Superseding Indictment. After the court set aside the jury verdict, the Sixth Circuit reversed in part and remanded. Various post-trial motions were resolved, and the court conducted multiple sentencing hearings that culminated on December 1, 2006. At the final sentencing hearing, the court held that Defendant Mikell would be sentenced to concurrent terms of imprisonment of 30 months, to be followed by 36 months of supervised release and that Defendant Grisel would be sentenced to concurrent terms of imprisonment of 36 months, to be followed by 36 months of supervised release. In so holding, the court granted both Defendants a substantial downward departure from the

correctly calculated Sentencing Guideline range of 63-78 months. Due to the pendency of various outstanding issues, final judgment has not yet been entered. A restitution hearing is set for April 4, 2007.

In Defendant Grisel's current motion, he argues that the court's December 1, 2006 sentencing determination should be "reexamined" in light of the Supreme Court's recent decision in *Cunningham v. California*, --- U.S. ---, 127 S. Ct. 856 (2007).

## II.  DISCUSSION

Defendant does not indicate the authority under which he brings his motion for reconsideration.[1] Nonetheless, whether based on local or federal rule, Defendant's motion is without merit and will be denied. Defendant essentially argues that *Cunningham* presents a new rule of law which requires the court to reconsider its sentencing, and possibly its bond, determination.[2] The court finds, however, that *Cunningham* is merely an application, without substantive extension, of the rule previously announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). The court need not, therefore, revisit its sentencing or bond determinations.

In *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed

---

[1] Although titled a motion for reconsideration, Defendant's motion is filed well outside the ten-day window afforded to motions for reconsideration under Eastern District of Michigan Local Rule 7.1.

[2] In Defendant's opening brief, his argument is directed primarily at the court's sentencing decision. Yet, Defendant argues that court's factual findings pre-*Cunningham* could be decided differently and this issue "should justify bond pending appeal." (Def.'s Br. at 6.)

statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Supreme Court applied this rule to state sentencing guidelines in *Blakely v. Washington*, 542 U.S. 296 (2004). The *Blakely* Court specified that the "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 303 (emphasis in original). The Court found that the defendant's enhanced sentence issued under the State of Washington's sentencing procedures violated the Sixth Amendment based on the rule in *Apprendi*. *See id.* at 305-06.

In 2005, the United States Supreme Court held that the rule set forth in *Blakely* applies to the United States Sentencing Guidelines. *United States v. Booker*, 543 U.S. 220 (2005). More specifically, the *Booker* Court applied the principles in *Blakely* to hold that the Sentencing Guidelines were unconstitutional insofar as they mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt. *Id.* at 243-44. To remedy this constitutional violation, the Court severed two sections of the Sentencing Reform Act (the "SRA"), making the Sentencing Guidelines effectively advisory. *See id.* at 244-264 (severing and excising 18 U.S.C. § 3553(b)(1) & § 3742(e)).

Thus, after *Booker*, district courts may still consider the same evidence, and make the appropriate findings, under the applicable Sentencing Guidelines. The court applies a "preponderance of the evidence" standard to make the relevant findings of fact which may result in sentencing enhancements or downward departures. *See United States v. Yagar*, 404 F.3d 967, 972 (6th Cir. 2005) ("[A] finding under the Guidelines must be based on reliable information and a preponderance of the evidence."); *see also*

3

*United States v. Coleman*, 370 F. Supp. 2d 661, 667-68 (S.D. Ohio 2005) ("[M]ost courts agree that judicial fact-finding [post-*Booker*] may be made by a preponderance of the evidence so long as the court is operating in an advisory regime.") (citing *Cirilo-Munoz v. United States,* 404 F.3d 527, 532-33 (1st Cir. 2005); *Guzman v. United States,* 404 F.3d 139, 143 (2d Cir. 2005); *United States v. Mares,* 402 F.3d 511, 519 (5th Cir. 2005); *Yagar,* 404 F.3d at 972; *McReynolds v. United States,* 397 F.3d 479, 481 (7th Cir. 2005)). The court finds nothing in *Cunningham* which calls into question the preponderance of the evidence standard.

Once the applicable range is determined, the court must determine in its discretion whether this range is appropriate, after considering all the other factors in § 3553(a). *United States v. Oliver*, 397 F.3d 369, 380 n.3, 382 n.5 (6th Cir. 2005); *see also United States v. Jamieson*, 427 F.3d 394, 417 (6th Cir. 2005) ("As the *Booker* [C]ourt explained however, the district court must take the recommended guidelines into account when re-sentencing [the defendant]."); *United States v. McDaniel*, 398 F.3d 540 (6th Cir. 2005) ("Although the *Booker* Court severed and rendered inapplicable 18 U.S.C. § 3553(b)(1) and 3742(e), which made adherence to the Guidelines mandatory, the *Booker* Court also explained that sentencing courts should continue to consider the recommended Guidelines sentence.").

This was the approach utilized by the court in making its December 1, 2006 sentencing determinations, and the court finds that this approach is entirely consistent with *Blakely, Booker* and, more recently, *Cunningham*. In *Cunningham*, the Supreme Court applied the principles of *Blakely* and *Booker* to find that California's determinate sentencing law, which assigned to the judge the authority to find facts which required an

4

elevated "upper term" sentence, violated the Sixth Amendment. *Cunningham*, --- U.S. at ---,127 S. Ct. at 860. In so holding, the Court specifically distinguished the California law from the post-*Booker*, <u>now-advisory</u>, United States Sentencing Guidelines. *Id.* at 870 ("The attempted comparison is unavailing. . . . California's DSL does not resemble the advisory system the *Booker* Court had in view."). As the Court held in *Booker*, and reiterated in *Cunningham*, it was the mandatory nature of the United States Sentencing Guidelines which made them unconstitutional:

> If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. Indeed, everyone agrees that the constitutional issues presented by [this case] would have been avoided entirely if Congress had omitted from the [federal Sentencing Reform Act] the provisions that make the Guidelines binding on district judges. . . . For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.

*Id.* at 866 (quoting *Booker,* 543 U.S. at 233). After *Booker*, and specifically in this case, the appropriate guideline range, as determined by the advisory United States Sentencing Guidelines, has been merely one factor the court has taken into consideration when imposing sentence. See *McDaniel,* 398 F.3d at 540. This approach is, not only consistent with, but mandated by *Booker*. Accordingly, the court is not persuaded that *Cunningham* compels, or suggests, that a different approach should be utilized in this case. Defendant's motion will therefore be denied.

### III.  CONCLUSION

IT IS ORDERED that Defendant Christopher Grisel's "Motion to Reconsider Sentence in Light of *Cunningham v. California*" [Dkt. # 482] is DENIED.

S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  March 26, 2007


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 26, 2007, by electronic and/or ordinary mail.

S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522