**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 97-CR-81493

ALAN MIKELL and CHRISTOPHER GRISEL,

    Defendants.
                                            /

**OPINION AND ORDER OVERRULING DEFENDANTS' OBJECTIONS TO THE
GOVERNMENT'S PROPOSED PRELIMINARY ORDERS OF FORFEITURE**

Before the court are Defendants' objections to the Government's proposed preliminary orders of forfeiture.[1] The court has reviewed the proposed orders, the objections and the Government's memorandum. For the reasons stated below, the court will overrule the objections and accept the Government's proposed orders.

**I. DEFENDANT GRISEL'S OBJECTIONS**

Defendant Grisel objects that the proposed order relating to him disregards what Defendant Grisel alleges were "findings" made by the court during sentencing hearings in which the court "found" that "the money in the accounts listed in the proposed order was all used to pay creditors of RPC, that those payments were made long before the prosecution, conviction, or attachment of the accounts, and that less than $200,000 of those funds went to companies related to the Defendants." (Grisel's 12/20/06 Obj. at 1-2.) Grisel further argues that it would be "inappropriate" for the court to enter an order

---

[1]Although the Government initially submitted one proposed order for both Defendants, after the court's November 30, 2006 order, the Government submitted a separate proposed order for each Defendant.

that "would allow the Government to harass Mr. Grisel for the rest of his life seeking recovery of moneys that were paid to creditors of RPC." (*Id.* at 2.)  First, the Government's proposed order of forfeiture is not an attempt to "harass" Grisel, but an attempt to track the jury's special verdict that various accounts were subject to forfeiture.  Nor is the court persuaded that any of the court's statements made in the course of reaching sentencing factor determinations, whether or not accurately interpreted and recited by Grisel, impact or limit the property which is subject to forfeiture.  Grisel fails to argue or explain how a court's determinations at sentencing, for purposes of calculating a correct guideline range, impact or relate to a determination of property subject to forfeiture.  Here, the Government's proposed order as to Grisel faithfully reflects the jury's finding with respect to which accounts are subject to forfeiture. *See* Fed. R. Crim. P. 32.2(b)(4).  Grisel has not presented any objection that persuades the court that it must, or can, disregard the jury's verdict.  Accordingly, Grisel's objections will be denied.

## II.  DEFENDANT MIKELL'S OBJECTIONS

Although Defendant Mikell presents a variety of objections to the proposed order, many of them are minor semantic objections.  With respect to his substantive objections, Mikell first objects to the proposed order because Mikell asserts that accounts are not property that can be forfeited.  Mikell asserts that the mentioned "accounts," as such,  have no value, and that it is the money within the accounts that should have been the focus of the forfeiture allegations and proofs. (1/03/07 Obj. at 1-4, 5-6.)  Mikell therefore argues that the jury instructions were deficient and implies that the court cannot enter *any* order of forfeiture.  While the court accepts the general

premise that accounts themselves, consisting of a bank number and an entry in a bank's records, have no inherent value, but that rather it is the money found in the account that has value, the court does not accept Mikell's implicit argument that the entire jury verdict must therefore be set aside. The logical implication of the jury's verdict is that the accounts, and the amounts attributed to those accounts, are subject to forfeiture. The court will therefore deny this objection.

Mikell next objects that the $74,946.41 sought to be seized from him is not supported by the jury verdict or the evidence at trial. The court disagrees. With respect to Defendant Mikell, the jury found that two accounts were subject to forfeiture: (1) Earthsafe Enterprises, Inc. and/or Mikco operating account number 8024044, Liberty Bank, Tulsa, Oklahoma and (2) Earthsafe Enterprises, Inc. and/or Mikco operating account number 6364046, Liberty Bank, Tulsa, Oklahoma. Mikell argues that the evidence at trial cannot establish that "any amount of money . . . part of activity for Account # 8024044 exceeded $10,000." Contrary to Mikell's argument, however, Exhibit 1020 attributed $10,000 to Account # 8024044 and, additionally attributed $64,946.41 to Account ## 8024044 and 6364046. This exhibit was supported by the testimony of Agent Georgeff, who testified that all of the transfers listed on Exhibit 1020 were attributed to one or the other of these two accounts. (*See, e.g.*, 5/27/99 Tr. at 57.) Even accepting Defendant's argument that it is impossible to separate which transfers relate to which account, this argument is irrelevant in that the jury found *both* accounts subject to forfeiture. As with the order relating to Defendant Grisel, above, the court finds that the Government's proposed order faithfully reflects the jury's finding with

respect to which accounts are subject to forfeiture. *See* Fed. R. Crim. P. 32.2(b)(4). Mikell's objection will thus be overruled.

Finally, Mikell objects to the language on page 3 of the proposed order which states that "[t]he total funds forfeited to the United States by the defendants Mikell and Grisel shall not jointly exceed the sum of $961,472.91." Defendant objects to this language as he believes it is an assertion of potential joint and several liability. (1/03/07 Obj. at 6-7.) This language, however, does not impose or imply joint liability but, rather, *protects* Defendants from having too much property seized from them. The two proposed orders of forfeiture authorize the Government to seize a total of $74,946.41 from Defendant Mikell and $961,472.91 from Defendant Grisel. The language near the conclusion of the proposed orders, to which Mikell objects, restricts the Government to seizing a total of $961,472.91. Thus, if, for example, the Government seizes Grisel's total liability from Grisel, amounting to the total $961,472.91, it cannot seize *any* property from Mikell; this prevents the government from obtaining a "double recovery." The court finds the Government's language fair and, indeed, favorable to Defendants. Mikell's objection will therefore be overruled.

Mikell's few remaining objections, which either relate to his previous arguments or quibble over word choices or phrases, the court rejects as trivial. Accordingly,

### III. CONCLUSION

IT IS ORDERED that Defendant Mikell's September 14, 1999 objections [Dkt. # 258] and January 3, 2007 objections [Dkt. # 477] are OVERRULED. IT IS ALSO ORDERED that Defendant Grisel's September 21, 1999 objections [Dkt. # 260] and

December 20, 2006 objections [Dkt. # 474] are OVERRULED. The court will separately enter the preliminary orders of forfeiture.

                                                S/Robert H. Cleland  
                                                ROBERT H. CLELAND  
                                                UNITED STATES DISTRICT JUDGE

Dated: April 16, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 16, 2007, by electronic and/or ordinary mail.

                                                S/Lisa Wagner  
                                                Case Manager and Deputy Clerk  
                                                (313) 234-5522