UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 97-CR-81493

ALAN MIKELL and CHRISTOPHER GRISEL,

    Defendants.
                                            /

**OPINION AND ORDER GRANTING THE GOVERNMENT'S
MOTION TO REVOKE BOND**

Before the court is a motion to revoke bond, filed by the United States of America on December 10, 2009. Defendants Alan Mikell and Christopher Grisel have filed responses in opposition to the motion. For the reasons stated below, the court will grant the motion.

**I. BACKGROUND**

On May 25, 1999, Defendants Alan Mikell and Christopher Grisel were found guilty of some, but not all, of the charges listed in a 52 count Second Superseding Indictment. After the court set aside the jury verdict, the Sixth Circuit reversed in part and remanded. This court then resolved various post-trial motions, and conducted multiple sentencing hearings that culminated on December 1, 2006. At the final sentencing hearing, the court held that Defendant Mikell would be sentenced to concurrent terms of imprisonment of 30 months, to be followed by 36 months of supervised release and that Defendant Grisel would be sentenced to concurrent terms of imprisonment of 36 months, to be followed by 36 months of supervised release. In so holding, the court granted both Defendants a substantial downward departure from the

correctly calculated Sentencing Guideline range of 63-78 months. Defendants filed motions for bond pending appeal, which the court denied on January 22, 2007. Final judgment was entered against both Defendants on April 16, 2007.

Defendants appealed, and the Sixth Circuit Court of Appeals issued an opinion and order granting Defendants' emergency motions for release pending appeal. Thereafter, the Sixth Circuit affirmed Defendants' convictions and the judgment of this court. Defendants' petitions for rehearing en banc were denied. Defendants then filed motions to stay the mandate while they prepared their petitions for certiorari. The Sixth Circuit granted Defendant Mikell's request on December 8, 2009, and granted Defendant Grisel's request on January 5, 2010. The Government filed a motion to revoke the bond of both Defendants on December 10, 2009.

## II. STANDARD

Under 18 U.S.C. § 3143, subject to a few exceptions, the court is required to order the detention of an individual who has been sentenced to a term of imprisonment. Specifically, § 3143(b) provides:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
> > (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or © of this title; and
> >
> > (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
> >
> > > (I) reversal,
> > >
> > > (ii) an order for a new trial,

2

> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or © of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b)(1). The Sixth Circuit has noted that § 3143 "creates a presumption against release pending appeal." *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002).

## II.  DISCUSSION

Given the presumption against release pending appeal, the court must grant the Government's motion, unless the court finds (1) by clear and convincing evidence that Defendants are not likely to flee or pose a danger to the safety of any other person or the community and (2) that Defendants have demonstrated that their appeals will raise a substantial question of law or fact likely to result in a reversal, a new trial or a reduced sentence.  18 U.S.C. § 3143(b)(1).  The court finds that Defendants can meet the first, but not the second, requirement of this standard.

**A.  Whether Defendants Are Likely to Flee or Pose a Danger to the Community**

First, the court easily finds by clear and convincing evidence that Defendants are not likely to flee or pose a danger to the safety of any other person or the community. Indeed, the Government concedes this point in its opening brief.  (*See* Gov't's Br. at 2.) As the court previously held in its January 22, 2007 order,

3

> Defendants' initial appearances in this case occurred on November 25, 1997, at which time Magistrate Judge Charles E. Binder entered a $500,000 unsecured bond with respect to each Defendant. Since that time, Defendants have remained on bond without any incident or cause to come before this court to review any bond condition. Additionally, both Defendants have demonstrated that they have substantial family and community ties. These ties, combined with Defendants' nine-year record of remaining on bond without incident, constitute clear and convincing evidence that Defendants are not likely to flee or pose a danger to the safety of any other person or the community under 18 U.S.C. § 3143(b)(1)(A).

(1/22/07 Order at 3-4.) This conclusion remains equally true today, three years later, where Defendants have continued to demonstrate their ability to remain on bond without incident. Accordingly, Defendants have met the first prong of the two-prong test to remain on bond.

### B.  Whether Defendants' Appeals Raise a Substantial Question Likely to Result in a Favorable Outcome

Nonetheless, the court will revoke bond because Defendants have failed to establish that their appeals raise a substantial question of law or fact likely to result in a reversal, a new trial or a reduced sentence under 18 U.S.C. § 3143(b)(1)(B). "[A]n appeal raises a substantial question when the appeal presents a 'close question or one that could go either way' and that the question 'is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.'" *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (quoting *United States v. Powell,* 761 F.2d 1227, 1233-34 (8th Cir. 1985) (en banc)). Courts have also held that a substantial question is "either a novel question, one that has not been decided by controlling precedent, or one which is fairly doubtful." *United States v. Henson*, 663 F.Supp. 1112, 1113 (W.D. Ky. 1987) (citing *United States v. Miller,* 753 F.2d 19, 23 (3d Cir. 1985)).

4

The Government argues, and the court agrees, that Defendants have not stated a substantial question of law or fact likely to result in a reversal of their convictions, sentence reduction or a new trial.  Fundamentally, grants of certiorari petitions are rare, and the court is not persuaded that there is anything unique about the issues in this case which make a grant that much more likely.  This is particularly true given the fact that, as the Government points out, the decision which Defendants seek to appeal is a unanimous, unpublished decision.  Further, even if the Supreme Court were to grant certiorari, the issues raised by Defendants have, in this court's estimation, little chance of success.  Defendant Mikell's conflict of interest argument has been heard and rejected by this court as well as the Sixth Circuit.  The court is doubtful that the Supreme Court would reverse, particularly in light of Defendant Mikell's shifting theories on the issue throughout the course of this litigation.  Defendant Grisel's reliance on the conflict of interest argument is even more tenuous and his other theories on appeal have little likelihood of success.  Indeed, even in their responses to the Government's motion to revoke bond, Defendants make no attempt to articulate any substantial question involved in this case which is likely to result in a favorable outcome on appeal.

Instead, both Defendant Mikell and Defendant Grisel have filed briefs arguing that the Government, and this court, are precluded from "revisiting" the issue of bond. Specifically, Defendants argue that, in determining their motions to stay the mandates, the Court of Appeals necessarily determined that their appeals raised a "substantial question," and the law of the case doctrine precludes this court from determining that their appeal does not raise a substantial question.

The court disagrees.  First, contrary to Defendants' assertion, the issue

presented to this court for a revocation of bond determination under 18 U.S.C. § 3143 is not identical to the issue presented to the Sixth Circuit for a stay of mandate under Federal Rule of Appellate Procedure 41. Under Rule 41, "[a] party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court. The motion must be served on all parties and must show that the certiorari petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(2)(A). Thus, while Defendants were required to show a "substantial question" in order to obtain the stay, they were not required to show that the substantial question is likely to result in a reversal, new trial, or sentence reduction, as is required under § 3143. The court's decision to revoke bond is not based on the failure to present a "substantial question," but the failure to show a substantial question *likely to result in a reversal, new trial, or sentence reduction*.[1]

Moreover, Defendants have failed to cite to any binding authority for the proposition that the decision to grant a stay of the mandate precludes any subsequent decision by the district court to revoke a defendant's bond. Rather, the case law in this

---

[1] It is true that the decision to stay the issuance of a mandate may take into account some "estimation as to whether there is a reasonable probability that four Justices will vote to grant certiorari and a reasonable possibility that five will vote to reverse the judgment of this court." *United States v. Holland,* 1 F.3d 454, 456 (7th Cir. 1993); *see also Rostker v. Goldberg*, 448 U.S. 1306, 1308 (1980) (where Justice Brennan, writing as Circuit Justice, noted that the determination of whether to grant a stay took into account whether there was "a fair prospect" that the Supreme Court would ultimately "conclude that the decision below was erroneous"). The court finds, however, that while the decision to issue a stay may generally include an "estimation" regarding the general possibility or prospect that the appeal may be successful, this is not an identical standard to that under § 3143, requiring the raising of a substantial question of law or fact "likely" to result in a new trial, reversal or sentence reduction. The court deems § 3143's mandatory test to be more stringent to the rather nebulous approach taken by appellate courts in determining whether to grant a stay.

circuit indicates the contrary: the authority to revoke bond or change bond conditions during the pendency of the appeal remains with the district court, who is appropriately situated to conduct the fact-gathering necessary in evaluating whether any previous bond determination should be adjusted.[2]

The Sixth Circuit confronted a similar procedural posture in *United States v. Krzyske*, 857 F.2d 1089 (6th Cir. 1988). In *Krzyske*, the trial judge originally allowed the defendant to remain on bond pending appeal and imposed certain conditions related to the bond. *Id.* at 1090. At some point, the defendant failed to meet some of those conditions and was therefore placed in custody by the district court. *Id.* As in this case, however, in *Krzyske* the Sixth Circuit disagreed with the district court, and released the defendant because the Sixth Circuit found he had raised a substantial issue which might lead to reversal of his conviction. *Id.* The Sixth Circuit eventually affirmed the defendant's conviction, and the government then moved in the district court for revocation of defendant's bond because the defendant could no longer meet the standard of 18 U.S.C. § 3143(b)(2). *Id.* As in the instant matter, the government "maintained that there no longer remained a substantial question of law or fact likely to result in reversal or an order for a new trial even though the defendant was pursuing an application for writ of certiorari to the Supreme Court." *Id.* (internal quotation omitted). The district court referred the motion to a magistrate judge, who concluded first that the "the district court retained jurisdiction over conditions of defendant's release" and also

---

[2]This is not to say that the authority to make such a determination rests *solely* with the district court. The appellate court, of course, also has jurisdiction to hear such requests. The court only notes that district courts are not precluded or divested of jurisdiction to make bond determinations.

that there was not "a substantial likelihood that the Supreme Court would grant certiorari." *Id.* The magistrate judge revoked the defendant's bond, but stayed the revocation order for 10 days to allow the defendant to appeal to the district court. *Id.* The defendant instead filed a motion to the Sixth Circuit, asking for a "redeclaration" of the appellate court's previous order that had released him from custody pending his appeal and arguing that the magistrate judge's revocation of bond was a "usurpation" of Sixth Circuit's jurisdiction. *Id.*

The Sixth Circuit rejected the defendant's argument, and held that the district court maintains jurisdiction to determine custody issues. *Id.* In so holding, the Sixth Circuit stated its agreement with Judge Katz in *United States v. Sullivan*, 631 F.Supp. 1539 (E.D. Pa. 1986). Importantly, *Sullivan* itself involved a situation where, as here, the "defendant, who was free on bond, announced his intention to petition the Supreme Court for certiorari following appellate court affirmance of his conviction . . . , *and persuaded the court of appeals to stay its mandate.*" *Krzyske*, 857 F.2d at 1090 (emphasis added). The Sixth Circuit quoted and expressly agreed with Judge Katz's reasoning in *Sullivan* that

> [t]he district court's authority in this matter does not stem from any lack of power on the part of the circuit court, whose jurisdiction attaches once a notice of appeal is filed. *United States v. Stanley*, 469 F.2d 576, 583 (D.C. Cir. 1972) (and cases cited therein). Rather, the initial resolution of applications for release pending appeal have traditionally been committed to trial courts which are "the superior tribunal for the kind of information-gathering which a sound foundation for a bail ruling almost inevitably requires." *Id.* at 581-82; *United States v. Provenzano,* 605 F.2d [85,] 91 [(3d Cir. 1979)].

*Id.* at 1091 (quoting *Sullivan*, 631 F. Supp. at 1541). The court finds *Krzyske* to be in direct conflict with Defendants' argument to this court.

8

In *Krzyske*, as in this case, there had been a previous custody determination by the district court, which the appellate court reversed and allowed the defendant to be released on bond. Further, in *Krzyske*, as in this case, the defendant's conviction was ultimately affirmed and the issue of bond was again placed before the district court, in light of the changed circumstances. The Sixth Circuit found that the changed circumstances themselves account for at least part of the reason why bond determinations remain with the district court even during the pendency of the appeal. The court stated, "We need not be overly concerned about district court usurpation of our authority when it is obvious, as here, that the factors motivating our decision to grant bail no longer exist." *Krzyske*, 857 F.2d at 1091.

In *Krzyske*, the Sixth Circuit cited the Seventh Circuit's decision of *United States v. Black*, 543 F.2d 35 (7th Cir. 1976). *See Krzyske*, 857 F.2d at 1091. In *Black*, after the defendant's conviction had been upheld on appeal, but before the mandate had issued, the district court "decided to revoke bond because it was apparent that [the defendant] would not be successful on appeal." *Id.* The Seventh Circuit noted:

> The filing of a notice of appeal, although transferring jurisdiction over the case from the district court to the Court of Appeals, does not render the district judge powerless or without jurisdiction to enforce the conditions of a bond under which defendant has been released pending appeal. The court retains jurisdiction over the person of the defendant at least for the limited purposes of reviewing, altering or amending the conditions under which that court released the defendant, and is empowered to revoke or forfeit the defendant's bond during the pendency of an appeal for any of the reasons which would have supported an initial denial of the defendant's application for release. In view of the fact that, during the pendency of an appeal, facts may come to light which render it advisable for the district court to alter the conditions upon which defendant has been released, or to revoke his bond altogether, the same statute which explicitly empowers the district court to impose conditions upon release pending appeal, implicitly empowers the court to make such adjustments in those conditions as circumstances may necessitate.

*Id.* (quoting *Black*, 543 F.2d at 37). The Sixth Circuit agreed with *Black*'s analysis, and further stated that "[t]his reasoning has equal force when an appellate court has previously upheld defendant's release. *As circumstances may change, the district court is best equipped to respond to such changes.*" *Id.* (emphasis added).[3] Here, the changed circumstances of Defendants' convictions being affirmed and *en banc* review being denied alter the landscape of Defendants' bond determination. Now, there is no longer a substantial question of law *likely* to result in a new trial, sentence reduction or any other factor listed under § 3143. The statistical chance of the Supreme Court granting certiorari is slim and, even if granted, there is little likelihood that five Justices would vote to reverse or for a new trial based upon the issues presented. Accordingly, the Government's motion to revoke bond will be granted.

## IV.  CONCLUSION

IT IS ORDERED that the Government's motion to revoke bond [Dkt. # 565] is GRANTED. Defendants are DIRECTED to surrender when and where ordered by the Bureau of Prisons.

                                                        S/Robert H. Cleland
                                                        ROBERT H. CLELAND
                                                        UNITED STATES DISTRICT JUDGE

Dated:  January 12, 2010

---

[3]Although Defendants do not so argue, the court also finds that it is not precluded to revoke bond based upon the Sixth Circuit's June 20, 2007 decision to grant Defendants' emergency motions for release on bond pending appeal. The June 20, 2007 decision was based, in part, on a perceived likelihood of success on appeal which has subsequently evaporated with the affirmance of this court's prior judgment and the denial of en banc review.

10

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 12, 2010, by electronic and/or ordinary mail.

             S/Lisa Wagner
             Case Manager and Deputy Clerk
             (313) 234-5522